

**Rosenfeld & Vallejo-Juste, LLP**
Empire State Building
350 Fifth Avenue, Suite 7620
New York, New York 10118
T. (212) 953-1600 F. (212) 953-1801
www.rvjlaw.com

Steven E. Rosenfeld
steven@rvjlaw.com
(212) 953-1600 ext. 1

April 21, 2026

**Via ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, New York 10007



**Re:    Damien Scott Mudge v. Paisley Gamble**
**Case No. 1:26-cv-01102-KPF**
**Respondent's Letter Motion for Leave to File with**
**<u>Redactions Pursuant to Individual Practice Rule 9(B)</u>**

Dear Judge Failla:

We represent Respondent Paisley Gamble in the above-referenced proceeding under the Hague Convention on the Civil Aspects of International Child Abduction, as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001 et seq. Pursuant to Your Honor's Individual Practice Rule 9(B), we respectfully request leave to file all documents in this proceeding with two categories of redactions: (i) personal identifying information about the minor child B.M. and Respondent beyond what Rule 5.2(a) already requires; and (ii) the full names of both parties in the case caption and docket entries, to be replaced with initials. Both categories are independently warranted, and together they constitute a narrowly tailored set of protections that fully preserves the public's access to the substance of this proceeding.

This motion is filed in public view and does not include the confidential information sought to be redacted, in compliance with Rule 9(B)(i).

Once the Court rules on this letter motion, Respondent will: (a) file on ECF a publicly filed version of each affected document with the proposed redactions applied; (b) file under seal a copy of each unredacted document with the proposed redactions highlighted; and (c) transmit to Chambers at Failla_NYSDChambers@nysd.uscourts.gov a clean unredacted copy of each affected document, a highlighted copy showing the proposed redactions, and an unredacted copy of this letter motion, all as required by Rule 9(B)(i)–(ii).

Honorable Katherine Polk Failla
April 21, 2026
Page 2

## I.  Personal Identifying Information About the Child and Respondent

Federal Rule of Civil Procedure 5.2(a) already requires that filings use only the initials of minor children and omit residential addresses beyond city and state. Individual Practice Rule 9(A) additionally identifies medical records and personal identifying information as categories subject to redaction without prior Court approval. Respondent will comply with those baseline requirements as a matter of right across all filings.

Respondent further requests, pursuant to Rule 9(B), leave to redact the following additional categories of personal identifying information from the public docket: (a) the name of B.M.'s school and treating medical providers; (b) B.M.'s specific surgical diagnosis and post-operative records beyond what is necessary to the merits; and (c) Respondent's specific residential address and any information from which her current location within New York City could be derived.

These additional redactions are supported by the record in this case and are consistent with the approach taken by the Eastern District of New York in an analogous Hague Convention proceeding. In *Arulpragasam v. Bronfman*, No. 13-CV-2472 (MKB) (E.D.N.Y. May 21, 2013), the court granted redaction of "personal information about the child"—including school enrollment and other identifying details—and of "personal information about Petitioner," including home address and other identifying information, as warranted under Rule 5.2 and the privacy interests of the child and the residential safety concerns of the custodial parent. Those same interests are present here, and in several respects are considerably more acute.

Most significantly, Petitioner's own Exhibit L, filed on the public docket, already contains Respondent's current New York City residential address (408 W. 34th Street, Apt. 4H, New York, New York 10001). That same exhibit reflects that Petitioner, acting through his Mexican counsel, filed a submission in the Mexican divorce proceedings expressly requesting that the American Consulate, Interpol, and the FBI be engaged "through [their] channels and in collaboration with the competent US authorities" to locate Respondent and the minor and facilitate their return to Mexico. Petitioner has also invoked the National Institute of Migration (INM) and Mexican immigration authorities against Respondent, initiated a criminal investigation against her before the State Prosecutor's Office under investigation file number FGE/QROO/SOL/11/9354/2025, and has threatened to have her arrested in Mexico. Respondent lacks lawful immigration status in Mexico, which means that if Petitioner's escalating enforcement strategy succeeds, B.M. risks separation from his primary caregiver in a foreign country.

In this context, Respondent's residential address and the names of B.M.'s school and medical providers are not merely private, they are information whose public disclosure on a searchable federal docket would directly facilitate the very coercive enforcement efforts Petitioner has already set in motion. The requested redactions are narrowly tailored to address that specific, documented risk, and their approval is consistent with the privacy and caution categories identified in Rule 9(A) and with the Court's authority under Rule 9(B) to approve redactions where the information's disclosure would cause harm disproportionate to any public interest in access.

Honorable Katherine Polk Failla
April 21, 2026
Page 3

## II.      Anonymization of the Caption

Respondent is mindful that the court in *Arulpragasam* denied a request to caption the proceeding "Anonymous v. Anonymous," holding that the petitioner there had not satisfied the ten-factor balancing test articulated by the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). In *Arulpragasam*, the petitioner's sole argument for anonymization was that removing the parties' names from the caption would "lessen the likelihood of interest being directed toward" the proceeding. The court correctly rejected that as legally insufficient. Here, Respondent advances a materially different and substantially stronger demonstration: that the particular facts of this record, viewed against each of the *Sealed Plaintiff* factors, weigh in favor of caption anonymization.

> **Factor 1 – Highly Sensitive and Personal Nature of the Litigation.**  This proceeding concerns the international custody and medical welfare of a four-year-old child. The filings detail B.M.'s surgical history, adenoid obstruction requiring operative intervention, post-operative recovery, developmental condition, school enrollment, and daily caregiving circumstances. The sensitive and deeply personal nature of such information weighs strongly in favor of anonymization. *Sealed Plaintiff*, 537 F.3d at 189.

> **Factor 2 – Risk of Retaliatory or Physical Harm to the Party and to Innocent Non-Parties.**  This is not a generalized privacy concern. The record before the Court documents specific, escalating coercive conduct by Petitioner directed at Respondent and calculated to expose her location. As described above, Exhibit L, a filing already on the public docket, reveals that Petitioner formally requested Interpol and FBI involvement to locate Respondent and B.M. and initiated a criminal investigation against Respondent in Mexico. Petitioner has also sought her arrest and used her immigration vulnerability as a pressure point. These are not speculative fears; they are documented acts. Identifying both parties by searchable full name in the caption eliminates even the marginal protection that caption anonymization would provide against further targeted enforcement efforts.

> **Factors 3 and 7 – Severity of Other Harms; Prior Confidentiality of Identity.**  Unlike the petitioner in *Arulpragasam*, a well-known public entertainer whose identity in connection with the litigation had already been extensively reported, neither party here is a public figure, and neither has been identified in any media reporting in connection with this proceeding. No public interest has yet attached to these parties' identities. There is no countervailing benefit to caption disclosure that could justify the foreseeable risk of harm created by publishing the full names of a private family, including a medically vulnerable four-year-old, on a publicly searchable federal docket.

> **Factor 4 – Particular Vulnerability of Innocent Non-Parties.**  B.M. is four years old. He recently underwent adenoid surgery for documented airway obstruction approaching 90%, is in a post-operative recovery period requiring continuity of care and follow-up monitoring, and is the central subject of all filings in this proceeding. His particular vulnerability as a young child to any harm flowing from public identification of his whereabouts and

Honorable Katherine Polk Failla
April 21, 2026
Page 4

circumstances weighs heavily in favor of anonymization. *See Sealed Plaintiff*, 537 F.3d at 189 (vulnerability particularly in light of age is a relevant consideration).

**Factor 6 – Absence of Prejudice to Petitioner.**  Caption anonymization causes no cognizable prejudice to Petitioner. He will have full access to all unredacted filings; the Court will proceed on a complete record; and all substantive rulings, pleadings, and exhibits will remain publicly accessible. The only practical effect of anonymization is to limit the searchability of the parties' names through PACER, a consequence that does not impair the conduct of the litigation or any legitimate interest Petitioner holds.

**Factors 8 and 9 – Atypically Weak Public Interest in Party Identification.**  Hague Convention return proceedings are narrow, expedited, and merits-based determinations resolved on a specific treaty framework. They do not implicate government conduct, institutional policy, or other matters that generate a strong public interest in knowing the litigants' identities. The public's legitimate interest, in the correct application of ICARA and the Convention, is fully served by access to the Court's rulings and reasoning without any need to publish the full names of a private family on the docket. Indeed, Petitioner's own Mexican counsel, in the very document filed as Exhibit L, opened that submission with an extended discussion of Mexico's legal framework requiring anonymization of the minor's identity in all court proceedings, underscoring that child-protective anonymization is consistent with the values underlying the international legal framework this case invokes.

**Factor 10 – Narrowly Tailored Alternative Mechanism.**  The relief requested, use of initials in the caption while maintaining fully unredacted records accessible to the Court and all parties of record, is precisely the narrowly tailored alternative mechanism that *Sealed Plaintiff* envisions. It protects B.M. and Respondent without sealing the merits or impairing the public's access to the substance of this proceeding. The Court retains full discretion to modify or lift this protection at any stage.

## III.    Relief Requested

For the foregoing reasons, Respondent respectfully requests that the Court enter an order:

(1) Granting leave to redact from all public filings: (a) B.M.'s full name (reduced to initials B.M.); (b) the names and addresses of B.M.'s school and treating medical providers; (c) B.M.'s specific surgical diagnosis and post-operative records beyond what the merits require; and (d) Respondent's residential address and any information from which her specific location within New York City could be derived, including the address appearing at Exhibit L (408 W. 34th Street, Apt. 4H, New York, New York 10001);

(2) Granting leave to replace the parties' full names with initials (D.S.M. and P.G.) in the caption and all docket entries, both prospectively and as to all documents already filed on the public docket; and

(3) Directing that all future filings comply with these requirements.

Honorable Katherine Polk Failla
April 21, 2026
Page 5

Respondent has conferred with counsel for Petitioner regarding this application. Petitioner does not consent to this application. Accordingly, Petitioner's response is due within three (3) business days pursuant to Rule 2(C).

We thank the Court for its consideration and are available at the Court's convenience to address any questions.


Respectfully submitted,
Rosenfeld & Vallejo-Juste, LLP
*Electronic Signature*


Steven E. Rosenfeld

SER:sc
cc:      Paisley Gamble, via email
         Valentina Shaknes, Esq., Grace Chamoun Taranto, Esq., Justine Stringer, Esq., via email.

Application GRANTED IN PART and DENIED IN PART.

Respondent notes that Petitioner does not consent to this application, but Petitioner has not filed an opposition on the docket.

Accordingly, the Court determines based on Respondent's submission that (i) B.M.'s full name, (ii) B.M.'s specific surgical diagnosis and post-operative records beyond what the merits require, and (iii) Respondent's specific residential address in New York City should be redacted from all public filings.  The Court hereby directs Respondent to publicly file on the docket a redacted version of each affected document containing any of these three categories of information and to file under seal the unredacted version of each affected document. The Clerk of Court is directed to maintain the unredacted documents under seal, viewable to the Court and the parties only.

With respect to the other proposed categories of information, however, the Court DENIES Respondent's request.  To begin, the Court is concerned about the breadth of Respondent's request to redact "any information from which her specific location within New York City could be derived."  In addition, the Court does not believe that it is necessary to redact the names and addresses of B.M.'s school and treating medical providers.  Finally, Respondent does not satisfy the ten-factor test in *Sealed Plaintiff* v. *Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008), for anonymizing the parties' full names in the caption and docket entries.

The Clerk of Court is further directed to terminate the pending motion at docket entry 25.

Dated:    April 27, 2026        SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE